UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**CHRISTINE PARIS,**

 **Plaintiff,**

**v.**                **Case No: 5:13-CV-620-Oc-18PRL**

**COMMISSIONER OF SOCIAL
SECURITY**

 **Defendant.**

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Court has reviewed the record, the memoranda (Docs. 16 & 17), and the applicable law. For the reasons set forth herein, the Commissioner's decision should be **AFFIRMED** under sentence four of 42 U.S.C. §405(g).

### I. Procedural History and Summary of the ALJ's Decision

Plaintiff filed applications for DIB and SSI, alleging a disability onset date of April 11, 2011. (Tr. 249-59). The Social Security Administration ("SSA") denied her applications initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge (ALJ) (Tr. 182) and on July 30, 2012, ALJ Ken B. Terry held a hearing. (Tr. 47-92). On September 13, 2012, ALJ Terry issued an unfavorable decision. (Tr. 26-44).

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 11, 2011, the alleged onset date. (Tr. 31). At step two, the ALJ determined that Plaintiff had the following severe impairments: fibromyalgia, a history of hepatitis C, and degenerative disc disease of the lumbar spine. (Tr. 31).

At step three, the ALJ found that Plaintiff did not have an impairment or a combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 32). Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to:

> Perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). Specifically she has the ability to lift/carry and push/pull 20 pounds occasionally, and 10 pounds frequently; sit for four hours at a time and a total of eight hours during an eight-hour day, and stand and/or walk for two hours at a time and a total of six hours during an eight-hour day. However, she is precluded from climbing ladders, ropes, and scaffolds. She can perform occasional climbing of stairs and ramps and frequent balancing, stooping, kneeling, crouching and crawling. She has no limitations regarding manipulation, vision or communication but has environmental limitations precluding concentrated exposure to extreme temperatures, wetness, humidity, respiratory irritants and hazards. Mentally she has no significant limits.

(Tr. 33).

At step four, the ALJ determined that Plaintiff was able to perform her past relevant work. (Tr. 36). Alternatively, at step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are other jobs that exist in significant numbers in the national economy that she can also perform. (Tr. 36). Thus, the ALJ found that Plaintiff was not disabled from April 11, 2011, through the date of the decision. (Tr. 37). The Appeals Council denied Plaintiff's Request for Review. (Tr. 1-6). After exhausting her administrative remedies, Plaintiff timely filed the instant appeal. (Doc. 1).

## II. Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a). The Commissioner has established a five-step sequential analysis for evaluating a claim of disability. *See* 20 C.F.R. §404.1520. The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is "more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995)(per curiam)(internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

When the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991)(per curiam). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560, *see*

*also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992)(stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

### III. Analysis

Plaintiff's primary argument is that the ALJ erred by failing to give "great weight" to the opinions of Plaintiff's treating physician, Chi-Kwong Ng., M.D. At issue, are two Medical Source Statements completed by Dr. Ng. – one on August 1, 2011 (Tr. 729-31) and a second on March 12, 2012 (Tr. 742-46) – in which he found that Plaintiff had significant functional limitations and could not perform even sedentary work on a sustained basis. Other than quoting these Medical Source Statements in their entirety, and noting that Dr. Ng's reports are "particularly valuable" because he treated Plaintiff over a considerable period of time, Plaintiff fails to offer any argument as to how the ALJ erred. (Doc. 16 at 6-10).

The opinions of treating physicians are entitled to substantial or considerable weight unless "good cause" is shown to the contrary. *Crawford v. Commissioner of Social Security*, 363 F. 3d 1155, 1159 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir.1997)). Good cause exists "when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004). With good cause, an ALJ may disregard a treating physician's opinion, but he "must clearly articulate [the] reasons" for doing so. *Id*. at 1240-41.

Here, the ALJ articulated reasons, supported by substantial evidence, for according "little weight" to Dr. Ng's opinions. (Tr. 34-35). The ALJ correctly noted that Dr. Ng's opinions were not supported by his own treatment records and findings on examination. Indeed, Dr. Ng's treatment records contain the same basic information for each examination – a list of Plaintiff's

- 5 -

subjective complaints; diagnoses or assessment; prescribed medications; an examination of her head, eyes, ears, nose, throat, neck, chest, abdomen, lower extremities, and skin. (Tr. 516-25, 608-60, 662-70, 719-41, 757-62). The fact that Dr. Ng listed diagnoses including, neck pain, back pain, degenerative back disease, Hepatitis C, depression, anxiety, and fibromyalgia, does not establish that Plaintiff is disabled or that these impairments caused any work-related limitations. *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005)("the mere existence of these impairments does not reveal the extent to which they limit her ability to work or undermine the ALJ's determination in that regard.") In fact, the only functional limitation noted by Dr. Ng in his records was decreased range of motion in Plaintiff's shoulders on a few occasions. (Tr. 623, 649, 654). Moreover, the only references to clinical or diagnostic tests were x-rays of Plaintiff's cervical spine and right hand, neither of which support Dr. Ng's opinions of disabling limitations. (Tr. 615, 660).[2]

Accordingly, because Dr. Ng's own treatment records do not support his opinions as stated in the Medical Source Statements, I find that the ALJ articulated good cause for according them "little weight." *See Reynolds-Buckley v. Comm'r of Soc. Sec.*, 457 Fed.App'x. 862, 864 (11th Cir. 2012)("We have found 'good cause' to afford less weight to a treating physician's opinion where the opinion . . . was inconsistent with the physician's own medical records. . .").

Based on this conclusion, I need not address Plaintiff's further argument that the ALJ ignored the VE's testimony that a hypothetical person with the limitations set forth by Dr. Ng would not be able to maintain a job eight hours a day, five days a week. (Doc. 16 at 12). *See Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1161 (11th Cir. 2004)(noting an ALJ

---

[2] The x-rays of the right hand showed no abnormalities. (Tr. 615). The x-rays of the cervical spine showed reversal of normal lordosis and intervertebral disc space narrowing at C6/C7 but no evidence of neural foraminal stenosis and lateral masses were within normal limits. (Tr. 660).

is not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported).

### IV. RECOMMENDATION

In view of the foregoing, I recommend that the decision of the Commissioner be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

**DONE AND ENTERED** in Ocala, Florida, on January 27, 2015.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies to:

All Counsel